UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATASHA TAYLOR,                                           3:17cv932 (WWE)
          Plaintiff,

v.

FAMILY DOLLAR STORES OF
CONNECTICUT, INC.,
          Defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

Plaintiff Natasha Taylor filed this tort action against Family Dollar Stores of

Connecticut, Inc., in Connecticut Superior Court on May 8, 2017.   Defendant removed

the case from the state court to the United States District Court on the basis of diversity

jurisdiction.   Pending before this Court is a motion by the plaintiff to remand to the

Connecticut Superior Court; plaintiff argues that defendant has improperly asserted

diversity jurisdiction pursuant to 28 U.S.C. § 1332.   For the reasons set forth below, the

plaintiff's motion will be denied.

## DISCUSSION

On a motion to remand, the court construes all factual allegations in favor of the

party seeking the remand.   Metro. Prop. & Cas. Ins. Co. v. J.C. Penney Casualty Ins.

Co., 780 F. Supp. 885, 887 (D. Conn. 1991).   When a party challenges the removal of

an action from state court, the burden falls on the removing party to establish its right to

a federal forum by competent proof.   R. G. Barry Corp. v. Mushroom Makers, Inc., 612

F.2d 651, 655 (2d Cir. 1979).   "In light of the congressional intent to restrict federal

court jurisdiction, as well as the importance of preserving the independence of state

governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Intern., Inc., 28 F.3d 269, 274 (2d Cir. 1994). The existence of federal subject matter jurisdiction over an action removed from state court to federal court is generally determined as of the time of removal. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).

To determine whether the defendant has met its burden of proving that the claim is in excess of the jurisdictional amount, courts look first to the plaintiff's complaint and then to the defendant's petition for removal. Mehlenbacher Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). However, if the pleadings are inconclusive, the Court may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy. Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010).

In the instant case, plaintiffs assert that defendant has not sustained its burden of demonstrating that diversity exists. Defendant's removal asserts that plaintiff was injured in a Family Dollar Store that had been owned by Family Dollar Stores of Connecticut, Inc. until February 10, 2016, on which date the corporation was redomesticated to the Commonwealth of Virginia. On February 21, 2017, the corporation was converted to a limited liability company named Family Dollar Stores of Connecticut, LLC, in Virginia. It has a sole member, Family Dollar, Inc., which is incorporated in North Carolina. Defendant represents that the direction and control of Family Dollar Stores of Connecticut, LLC, has occurred in Virginia since February 21, 2017.

Plaintiff argues that the creation of the Virginia entity and transfer or merger of the prior entity does not destroy the existence of the Connecticut corporation, Family Dollar Stores of Connecticut, Inc. Upon review of the papers, the Court finds that defendant has demonstrated that the property where plaintiff sustained her injury was owned by Family Dollar Stores of Connecticut, LLC, as of the time of removal. Accordingly, removal on the basis of diversity was proper, and plaintiff's motion for remand will be denied.

<u>CONCLUSION</u>

For the reasons set forth above, the plaintiff's motion to remand to Connecticut Superior Court (Doc. #12) is DENIED.

Dated this 14th day of September, 2017, at Bridgeport, Connecticut.


/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE